## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) HAL McKNIGHT;** ) | |
| **(2) FRANK M. FORD, JR.; and** ) | |
| **(3) PAULA M. LOVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-17-00264-R** |
| ) | |
| **MARATHON OIL COMPANY** ) | |
| **BAKING CO. of DENTON LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss [Doc. 6]. Plaintiffs have responded [Doc. 9], to which Defendant replied [Doc. 10]. For the reasons that follow, Defendant's Motion is GRANTED.

Plaintiffs own interests in the oil, gas, and other minerals produced by an Oklahoma well that Defendant Marathon Oil Company operates pursuant to leases with Plaintiffs. Plaintiffs allege their leases oblige Marathon to transform any raw and unprocessed natural gas into marketable product and to do so free of costs to the Plaintiffs. [*Id*. at 2]. After Plaintiffs learned that Marathon was allegedly passing this cost onto them, they sued in state court for (1) breach of contract, (2) accounting, (3) fraud, (4) unjust enrichment, and (5) breach of Oklahoma's Production Revenue Standards Act. Marathon removed, claiming diversity jurisdiction under 28 U.S.C. § 1332 [Doc. 1] and shortly thereafter moved to dismiss Plaintiffs' claims for fraud and unjust enrichment.

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'"*MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed*." Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation marks omitted). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011). The Court first turns to Plaintiffs' fraud claim.

The basis of Plaintiffs' fraud claim is that Marathon failed to disclose to Plaintiffs that it was deducting costs from Plaintiffs' royalty payments. By including less than complete information on Plaintiffs' "pay stubs," Marathon allegedly misled Plaintiffs into not realizing that they, rather than Marathon, were paying for the transformation of raw, unprocessed natural gas into a marketable product.

Marathon makes several arguments as to why this allegation alone is insufficient to state a claim for fraud. The Court need only consider two of them to arrive at the

conclusion that Plaintiffs have failed to state a claim under Rule 12(b)(6). The first is that Plaintiffs fail to allege that they detrimentally relied on any representation by Marathon. As this Court previously noted in *Chieftain v. DOTEPI*, failure to plead detrimental reliance—an "indispensable element" of a fraud claim—warrants dismissal. 2011 WL 9527717, at *4 (W.D. Okla. July 14, 2011) (dismissing fraud claim for failure to state a claim because "Plaintiffs have failed to allege that they relied to their detriment on the alleged false and misleading monthly statements sent by DOTEPI, and any facts showing that that was the case").

The second deficiency in the fraud claim is Plaintiffs' failure to allege specific damages caused specifically by Marathon's fraud rather than by its breach of contract. Plaintiffs simply assert that they have "sustained actual damages in an amount to be determined at trial" and that Marathon's failure to disclose the deductions was "willful, intentional, and designed to benefit Marathon." [Doc. 1, Ex. 1, at 3]. The problem is that Plaintiffs' fraud claim, as pled, violates the general rule that "a claim for fraud must be distinct from a claim for breach of contract." *Edwards v. Farmers Ins. Co.*, 2009 WL 4506218, at *5 (N.D. Okla. Nov. 24, 2009). To be sure, Plaintiffs already have a claim for breach of contract—one founded on the allegation that Marathon improperly deducted costs from Plaintiffs' royalty payments. [See Doc. 1, Ex. 1, at 2]. Because their allegation for fraud concerns the identical conduct, it will not suffice under Oklahoma law. "Where a party sues on a theory of breach of contract, it cannot also bring a claim alleging fraud unless the tortious act is sufficiently independent of the breach of contract." *McGregor v. Nat. Steak Processors, Inc*., 2012 WL 314059, *3 (N.D. Okla. 2012) (internal quotes and

bracket omitted). Here, because "the facts alleged in [Plaintiffs'] tort claim are precisely the same was those alleged in [their] contract claim, a separate tort claim will not be allowed." *Isler v. Tex. Oil & Gas Corp.*, 749 F.2d 22, 24 (10th Cir. 1984). Plaintiffs have thus failed to state a fraud claim.

As for their unjust enrichment claim, Plaintiffs incorporate by reference all of the Complaint's allegations—including the ones for breach of the oil and gas leases—and add that "Marathon's actions have benefitted Marathon at the expense and detriment of Plaintiffs." [Doc. 1, Ex. 1, at 3]. Once again, this will not suffice under Rule 8. "The long-standing rule in Oklahoma is that a plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law." *Harvell v. Goodyear Tire & Rubber Co.,* 2006 OK 24, ¶ 18, 164 P.3d 1028, 1035; *see also Robertson v. Maney,* 1946 OK 59, ¶ 7, 166 P.2d 106, 108 ("[W]here the plaintiff has a plain, speedy and adequate remedy at law, equity will not intervene in his behalf."). As the Oklahoma Supreme Court has noted, one such adequate remedy is a claim for breach of contract—exactly what Defendants allege here. *Krug v. Helmerich & Payne, Inc.*, 2013 OK 104, ¶ 34, 320 P.3d 1012, 1022, *as corrected* (Feb. 24, 2014).

This long-settled rule is precisely what compelled this Court to dismiss Plaintiffs' unjust enrichment claim in *Chieftain* when it noted that "a claim [for unjust enrichment] may not be included as part of a claim for breach of leases in which Plaintiffs are alleged to be lessors." 2011 WL 96527717, at *5. And at any rate, "to invoke equity jurisdiction it must be shown that no adequate statutory or legal remedy is available." *Id*. Because "Plaintiffs have not alleged or shown that is the case, [Marathon's] motion to dismiss

4

Plaintiffs' unjust enrichment claim must, therefore, be granted." *Id*. Plaintiffs may of course still pursue their claims for breach of the oil and gas leases.

The Court thus GRANTS Defendants' Partial Motion to Dismiss [Doc. 6] and thereby DISMISSES Plaintiffs' claims for fraud and unjust enrichment.

IT IS SO ORDERED this 1st day of May 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE